# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

STANLEY ANDERSON,         )
                              )
         Petitioner,      )
                              )    No. 15 CV 8386
     v.                  )
                              )    Judge Robert W. Gettleman
JUSTIN HAMMERS, Warden   )
Illinois River Correctional Center,   )
                              )
         Respondent.    )

## MEMORANDUM OPINION AND ORDER

Petitioner Stanley Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his trial counsel was ineffective for: (1) ignoring petitioner's mental health problems; and (2) failing to interview petitioner's therapist and psychologist and examine petitioner's medical and psychiatric records in advance of trial. Respondent's answer argues that the petition is both time-barred and meritless. For the reasons discussed below, the habeas petition is denied.

## BACKGROUND[1]

Petitioner was arrested on June 19, 2011, and charged with two counts of aggravated domestic battery, three counts of aggravated battery, and one count of domestic battery. The charges stemmed from a June 12, 2011, altercation between petitioner and his ex-girlfriend, LaVerne Johnson, that resulted in Johnson being hospitalized. At the preliminary hearing on June 27, 2011, defense counsel informed the court that petitioner was not cooperating and wanted to address the court directly. Petitioner did just that, claiming that Johnson was lying

---

[1] Because petitioner has not rebutted the factual allegations set forth in the Illinois Appellate Court's opinion, the court adopts them. See 28 U.S.C. § 2254(e)(1); People v. Anderson, 2013 IL App (1st) 120336-U.

about a number of things, including the altercation. Petitioner also informed the court that he had been released from the hospital on the day of the alleged incident and "was under all type of drugs" at the time. The court granted Johnson an order of protection, at which point petitioner walked out of the courtroom.[2]

The court held a status hearing on July 25, 2011, and appointed the public defender to represent petitioner. Defense counsel informed the court that petitioner suffered from bipolar disorder and requested a Behavioral Clinical Examination ("BCX") and a court order that petitioner be seen by Cermak physicians immediately. That request was granted. Another status hearing was held on August 25, 2011, at which petitioner complained to the court about a lack of communication with defense counsel and threatened to hit a courtroom deputy. Petitioner was removed from the courtroom and was not allowed back because he would not calm down. The court discussed the results of petitioner's BCX with defense counsel in petitioner's absence. Defendant tendered a copy of the report, which found that petitioner was fit to stand trial, to the court. The report stated that petitioner was "not suffering from a mental condition that would compromise his ability to understand the nature of the proceedings against him or to assist in his defense" and was "not presently prescribed any psychotropic medications." It further stated that petitioner "did not cooperate sufficiently" for the doctor to determine petitioner's sanity at the time of the alleged offense. Based on the report's finding that petitioner was fit to stand trial, defense counsel demanded trial.

After a continuance, petitioner's trial was set for October 5, 2011. The state was not ready to proceed. Petitioner expressed concern over the delay and informed the court that he had not been receiving his medication. The court suggested to petitioner that it could order another

---

[2] Because the record indicates that petitioner was in custody on the date of the hearing, it is unclear to the court where he went and how he was able to leave the courtroom. See Doc. 19, Exh. G at C-36.

BCX, but petitioner asked instead that the court order the trial to proceed that day, and explained

that a doctor had come to see him recently. The court informed petitioner that it could not order

the trial to proceed, but would enter an order that day that petitioner receive medical treatment.

When the case did proceed to trial it was tried by the bench and petitioner did not present

a mental health defense. Instead, defense counsel's theory was that the victim had lied when she

named petitioner as her attacker, and that petitioner had, in fact, been asleep on the couch

throughout the incident, which involved another man.[3]   The court found petitioner guilty on

October 26, 2011. Petitioner filed a pro se motion for a new trial and attached to it a complaint

the he had filed with the Illinois Attorney Registration and Disciplinary Commission against

defense counsel. The court addressed petitioner's claim of ineffective assistance of counsel on

December 1, 2011, and questioned defense counsel regarding petitioner's claim.   Defense

counsel explained that she chose not to call petitioner's therapist and psychiatrist or subpoena his

medical records because petitioner's mental health had no bearing on the defense she presented

at trial – that the victim was lying when she named petitioner as her attacker and later recanted

that testimony. Defense counsel also explained that she had spoken with petitioner numerous

times regarding his right to testify at trial, and that it was his decision not to. The court denied

petitioner's motion for a new trial.

At sentencing, defense counsel argued several mitigating factors relating to petitioner's

life-long struggle with mental health issues, including severe head injuries petitioner sustained as

a child and his childhood diagnosis of bipolar disorder, in addition to his struggle with heroin

addiction.   The court acknowledged petitioner's "agitated state" throughout the proceedings, but

noted the BCX's finding that petitioner was fit to stand trial and attributed petitioner's behavior

---

[3] Although the appellate court did not address the victim's trial testimony, the record shows that her version of
events at trial, at which she recanted her earlier testimony and identified a person other than petitioner as her
assailant, is consistent with defense counsel's theory.  See Doc. 19, Exh. F at F-1—F-60.

to an "inability to accept what is going on in his life." The court sentenced petitioner to 10 years' imprisonment. The parties were back before the court on January 10, 2012, for a hearing on defense counsel's motion to reconsider the sentence. That motion was denied.

With the assistance of counsel, petitioner appealed his conviction, arguing that the trial court committed reversible error by failing to conduct a fitness hearing sua sponte and that defense counsel was ineffective for failing to request a fitness hearing. The Illinois Appellate Court affirmed on February 21, 2014. People v. Anderson, 2013 IL App (1st) 120336-U. Petitioner then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, again with the assistance of counsel. That petition was denied. Order, People v. Anderson, No. 117493 (Ill. Sept. 24, 2014). Petitioner filed his Section 2254 habeas petition with this court on September 23, 2015. Doc. 1.

## DISCUSSION

### I.      Standard of Review

Before a state habeas petitioner may pursue his claims in federal court, he must exhaust his remedies in the state courts. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (failure to take claim through one complete round of appellate process results in procedural default). If the petitioner's claims are not exhausted in state court, they are procedurally defaulted and a federal court may not consider them on the merits. Id. at 848. To meet the exhaustion requirement in Illinois, a petition for discretionary review of the claim(s) must come before the Illinois Appellate Court and the Illinois Supreme Court. O'Sullivan, 526 U.S. at 845. If the petitioner did not present his

claim in a petition for discretionary review to both courts, then the claim is procedurally

defaulted and cannot be decided on the merits.  <u>Rodriguez v. Scillia</u>, 193 F.3d 913, 917 (7th Cir.

1999).  In presenting his claims to both courts, "the petitioner must present both the operative

facts and legal principles that control each of his claims."  <u>Bintz v. Bertrand</u>, 403 F.3d 859, 863

(7th Cir. 2005)

## II.    Analysis

Respondent argues that petitioner's claims are procedurally defaulted because he did not

present them in his PLA.  Specifically, respondent focuses on petitioner's abandonment of "any

challenge to [petitioner's] fitness to stand trial" in his PLA.  Indeed, the bulk of petitioner's PLA,

which was counseled, does nothing to advance an ineffective assistance claim, but rather focuses

on the needs of detainees with mental health issues.  One illustrative excerpt, taken from the

PLA's "Argument" section, reads as follows:

> More is at stake here than competency to stand trial: unmedicated bipolar
> disorder is not consistent with rational decisionmaking.  This Court should
> make clear to all of the players in the criminal justice system that they
> should not simply sweep the mentally ill into the penitentiary, but take
> action to insure that prescribed medication is actually provided to the
> defendant.

<u>People v. Anderson</u>, No. 117493, at 6.

Given the PLA's focus on the plight of detainees in need of medication, and the short

shrift it gives to defense counsel's performance, respondent's argument that the claim is

procedurally defaulted is understandable.  The question is a close one, but the court finds that

petitioner did present his ineffective assistance claim in his PLA, albeit just barely.

The PLA includes in its "Grounds for Review" section the following question: "Does a

defendant receive the effective assistance of counsel when defense counsel ignores that

defendant has a history of mental illness, has been diagnosed as bipolar, and is not receiving the

prescribed and court-ordered psychotropic medication?" Id. at 1. Petitioner also included in his "Facts" section the following: "Trial counsel declined to investigate mental health issues because she was not presenting an insanity or drug intoxication defense." Id. at 2 (internal quotation omitted). What is noticeably lacking is any mention whatever of defense counsel's performance or failure to investigate petitioner's mental health issues in the "Argument" section of the PLA. As illustrated above, petitioner's arguments focus almost solely on the trial court's alleged awareness that petitioner was not receiving his medication. Reading the PLA with generosity, however, it properly, and just barely, asserts a claim of ineffective assistance. In the end, it is of no matter because petitioner's claim fails on the merits, to which the court will now turn.[4]

The Sixth Amendment to the United States Constitution entitles a criminal defendant to "effective assistance of counsel – that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 16 (2009) (per curiam)(internal quotation omitted). To prevail on a claim of ineffective assistance of counsel, petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984).

The court need not engage in the first prong of the Strickland test because "[t]he object of an ineffectiveness claim is not to grade counsel's performance." Id. at 697. Because petitioner cannot show that defense counsel's performance prejudiced him, his claim fails under the second prong, and the court's inquiry ends there. Id. ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

---

[4] The appellate court concluded that petitioner's ineffective assistance argument was "cursory" and therefore forfeited. As a result, that court did not analyze the claim, and this court's review is de novo. Toliver v. McCaughtry, 539 F.3d 766, 775 (7th Cir. 2008).

To establish prejudice, petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "sufficient to undermine the confidence in the outcome" of petitioner's trial. Id. "In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." Harrington v. Richter, 562 U.S. 86, 111 (2011). To find prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable." Id. at 112.

Petitioner makes no showing, much less a substantial showing, that defense counsel's performance prejudiced him. Indeed, the record belies petitioner's claim that defense counsel ignored his mental illness, and any investigation into petitioner's history of mental illness prior to trial would not have helped the defense theory – that petitioner was innocent. Petitioner devotes two paragraphs of his reply brief to his prejudice argument.[5] The first focuses solely on what defense counsel could have, and according to petitioner should have, learned about bipolar disorder. Doc. 25, at 10. The second paragraph simply asserts that "[a] defense attorney who understood bipolar disorder and who knew that her client was not receiving the medication he required to control his disorder would not have stood by while her client decided whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." Id. at 11 (internal quotation omitted). Petitioner utterly fails to assert even one way in which he was prejudiced during any of these proceedings, or generally, due to defense counsel's alleged lack of knowledge regarding bipolar disorder, and the court sees none. The record shows that defense counsel knew of petitioner's mental health issues and requested a psychiatric evaluation. That

_____

[5] Petitioner failed to make any prejudice argument at all in his habeas petition, and instead summarily stated that he was prejudiced by defense counsel's performance.

evaluation was performed, and the result was that petitioner was found fit to stand trial, even in his unmedicated state. Petitioner fails to point to any change in circumstances following that evaluation that would suggest that the results were no longer reliable and, after an extensive review of the record, the court, again, sees none. Petitioner fails to even address his claim that defense counsel was ineffective for not investigating petitioner's history of mental health prior to trial, much less make a substantial showing of prejudice. Consequently, petitioner's ineffective assistance claim fails.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Proceedings, the district court must either issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). To make a substantial showing, petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 437, 484 (2000) (internal quotation omitted). Because the court finds that no reasonable jurist would find it debatable whether petitioner is entitled to relief under 28 U.S.C. § 2254, it declines to issue a certificate of appealability.

### CONCLUSION

For the reasons discussed above, petitioner's Section 2254 habeas petition (Doc. 1) is denied and a certificate of appealability shall not issue.

**ENTER:** 10/13/2017

**Robert W. Gettleman**
**United States District Judge**